JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1449 PA (ASx) | Date | March 10, 2015 |
|---|---|---|---|
| Title | Wells Fargo Bank N.A. v. Lawrence S. Gutin, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**  IN CHAMBERS – COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Lawrence S. Gutin ("Defendant") on February 27, 2015. In its Complaint, plaintiff Wells Fargo Bank, N.A. ("Plaintiff") alleges a single state law claim for unlawful detainer. Defendant, who is appearing pro se, asserts that this Court has subject matter jurisdiction on the basis of 28 U.S.C. § 1443, which provides that district courts shall have original jurisdiction of any civil action authorized by law to redress civil rights violations. Additionally, Defendant claims this Court has subject matter jurisdiction on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1441; diversity jurisdiction, 28 U.S.C. § 1332; and under 28 U.S.C. § 1446.[1]

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

## I. Removal Under 28 U.S.C. § 1443

To the extent that Defendant is seeking to remove pursuant to 28 U.S.C. § 1443, Defendant fails to show that subject matter jurisdiction exists over this action. A defendant "who is denied or cannot enforce" his or her civil rights in state court may remove a civil action or criminal prosecution to federal court. 28 U.S.C. § 1443. Section 1443(1) was enacted "to remove from state courts groundless charges not supported by sufficient evidence when these charges are based on race and deny one his federally protected equal rights as guaranteed by Title II of the 1964 Civil Rights Act." Walker v. Georgia, 417 F.2d 5, 9 (5th Cir. 1969). Section 1443 provides, in pertinent part, "Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court

---

[1] Section 1446 provides the procedure for removal of civil actions and is not a basis of jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1449 PA (ASx) | Date | March 10, 2015 |
|---|---|---|---|
| Title | Wells Fargo Bank N.A. v. Lawrence S. Gutin, et al. | | |

of the United States for the district and division embracing the place wherein it is pending: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . . ." 28 U.S.C. § 1443(1).

> A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in Georgia v. Rachel, 384 U.S. 780, 788–92, 794–804, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966) and City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824–28, 86 S. Ct. 1800, 16 L. Ed. 2d 944 (1966). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." Id.

Patel v. Del Taco, Inc., 446 F.3d 996, 998-99 (9th Cir. 2006). Defendant does not allege any facts that would support removal under § 1443 and therefore Defendant meets neither part of the Supreme Court's test in Georgia v. Rachel. There are no allegations or any other indication that Defendant has properly sought to invoke a law that provides "for the equal civil rights of citizens of the United States," or that he is unable to pursue such a claim or that the state court is unable or unwilling to enforce such a claim. Nothing in Defendant's conclusory allegations concerning the asserted deficiencies in California's unlawful detainer procedures "command[s] the state courts to ignore" Defendant's federal rights. See Patel, 446 F.3d at 998-99. Therefore, the Notice of Removal's allegations are insufficient to establish the Court's jurisdiction under § 1443.

**II.    Subject Matter Jurisdiction**

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1449 PA (ASx) | Date | March 10, 2015 |
|---|---|---|---|
| Title | Wells Fargo Bank N.A. v. Lawrence S. Gutin, et al. | | |

it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. "A case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption." Id. at 393, 107 S. Ct. at 2430, 96 L. Ed. 2d 318 (emphasis in original). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

Here, the underlying Complaint contains only a single cause of action for unlawful detainer. Unlawful detainer proceedings do not purport to adjudicate title to the property at issue – only the right to possession is implicated. Any defenses that Defendant might raise to this unlawful detainer action, or claims he might assert in a separate claim of unlawful foreclosure, then, are insufficient to confer removal jurisdiction over this action. See, e.g., U.S. Bank, N.A. v. Barcenas, 2012 U.S. Dist. LEXIS 173586, at *1 (C.D. Cal. Dec. 5, 2012) ("Because this is an unlawful detainer action, a federal question does not present itself."); Aurora Loan Servs. v. Orozco, 2012 U.S. Dist. LEXIS 172200, at *3-4 (C.D. Cal. Dec. 3, 2012) (explaining that unlawful detainer actions are purely matters of state law and that "any federal defense Defendant raises is irrelevant with regard to jurisdiction"). Thus, the Court lacks federal question jurisdiction over this action. Defendant's allegations of fraud and that he "is being denied and cannot enforce his rights to equal protection of the laws" do not constitute a proper basis for removal, as neither a federal defense nor an actual or anticipated federal counterclaim forms a basis for removal. See, e.g., Vaden v. Discover Bank, 556 U.S. 49, 61-62, 129 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009). Therefore, Defendant has failed to show that federal question jurisdiction exists.

### III. Diversity Jurisdiction

Subject matter jurisdiction based on diversity of citizenship requires all plaintiffs to have different citizenship from all defendants and that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a national bank is "a citizen of the State in which its main office, as set forth in its articles of association, is located." Wachovia Bank v. Schmidt, 546 U.S. 303, 307, 126 S. Ct. 941, 945, 163 L. Ed. 2d 797 (2006) (construing 28 U.S.C. § 1348).

Defendant contends removal is proper on the basis of diversity jurisdiction because complete diversity exists between the parties, and the amount in controversy exceeds $75,000. Defendant has not met his

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1449 PA (ASx) | Date | March 10, 2015 |
|---|---|---|---|
| Title | Wells Fargo Bank N.A. v. Lawrence S. Gutin, et al. | | |

burden, however, of demonstrating that the amount in controversy exceeds $75,000.[2/] "[W]hen a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the 'party seeking removal must prove with legal certainty that [the] jurisdictional amount is met.'" Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007) (quoting Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 1000 (9th Cir. 2007)).

Although Defendant alleges that the amount in controversy exceeds $75,000 because the total value of the residence exceeds $75,000, the caption of the Complaint clearly states that the "demand is less than $10,000." In unlawful detainer actions, the title to the property is not involved — only the right to possession. Evans v. Superior Court, 67 Cal. App. 3d 162, 170 (1977). As such, the amount in controversy is determined by the amount of damages sought in the Complaint, rather than the value of the subject real property. Id. Here, Plaintiff alleges in the prayer of the Complaint that it is only seeking possession of the premises, an order to terminate the lease, costs of suit, and $125 per day from November 21, 2014 until it obtains a judgment. Thus, given that the amount of the note is not in controversy, Defendant has failed to show that this action meets the minimum jurisdictional requirement.

In light of the foregoing, the Court lacks subject matter jurisdiction over this action. Accordingly, this action is hereby remanded to the Los Angeles County Superior Court, Case No. 14R12622. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

---

[2/] Even if the amount in controversy exceeded $75,000, Defendant is a citizen of California, and therefore cannot remove the action from a California state court on the basis of diversity jurisdiction. See 28 U.S.C. § 1441(b) (stating that any action removed on a basis other than federal question jurisdiction "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought").